Case No. 1:19-cv-20858-KMM

PHILLIP DAVIS,

    Petitioner,

v.

MARK S. INCH, *et al.*,

    Respondents.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Petitioner Phillip Davis's Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ("Am. Pet.") (ECF No. 22). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Petition be DENIED. ("R&R") (ECF No. 50). Petitioner filed objections.[1] ("Obj.") (ECF No. 52). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.[2]

---

[1] Magistrate Judge Reid's R&R, dated June 9, 2021, provided that Objections to the R&R "may be filed with the District Judge within fourteen days of *receipt* of a copy of the Report." R&R at 45 (emphasis added). While the Objections were not filed with the Court until July 7, 2021, Petitioner dated his Objections June 30, 2021, which the Court construes as reasonably within fourteen days of when he might have *received* a copy of the R&R. Thus, the Court finds that the Objections are timely.

[2] The Court adopts the R&R with the following alterations: on page two, line two, the citation should read, in relevant part, "*Haines v. Kerner*, 404 U.S. 519, . . . ."; on page six, lines twenty and twenty-one, the citation should read "*See Lee*, 726 F.3d at 1192 (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002))"; on page sixteen, line 3, the citation should read, in relevant part, "*Connolly v. State*, . . . ."; on page seventeen, line ten, the citation should read, in relevant part, "*See Williams v. Sec'y, Fla. Dep't of Corr.*, No. 16-15168-A, . . . ."; on page nineteen, lines twenty-one through twenty-three, the citation should read "*Smith v. United States*, 637 F. App'x 572, 572 (11th Cir. 2016) (per curiam) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013))"; on page thirty-nine, line four, the citation should read, in relevant part, "*Branan v. Booth*, . . . ."; on page thirty-nine, lines eleven and twelve, the citation should read "*Norris v. United States*, 820 F.3d 1261, 1265 (11th Cir. 2016) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (citations omitted))"; on page thirty-nine, line fifteen, the citation should read "*Corie v. City of Riviera*

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Petitioner raises six grounds for relief in his Petition: (1) ineffective assistance of trial counsel for failing to move to disqualify Miami-Dade County Circuit Court Judge Beatrice Butchko—who presided over Petitioner's trial—on the basis of bias, resulting in a violation of Petitioner's right to a fair trial, *see* Am. Pet. at 4–7; (2) ineffective assistance of appellate counsel for failing to argue on appeal that Count 2 of the Information was fatally defective because it did not charge a crime, *see id.* at 7–12; (3) ineffective assistance of trial counsel for failing to seek dismissal of Count 2 of the Information on the basis that it was fatally defective because it did not charge a crime, *see id.* at 12–13; (4) ineffective assistance of trial counsel for failing to retain and call a forensic accountant expert to testify at trial to rebut the state's expert and evidence in light of Petitioner's actual innocence, *see id.* at 13–17; (5) ineffective assistance of trial counsel for failing to request a good faith defense instruction, *see id.* at 17–18; and (6) trial court error in denying Petitioner's motion to disqualify Miami-Dade Circuit Court Judge Milton Hirsch—who presided over Petitioner's post-conviction Fla. R. Crim. P. 3.850 Motion—on the basis of bias, resulting in a violation of Petitioner's right to a fair trial, *see id.* at 18–20.

---

*Beach*, 820 F.3d 68, 70 (Fla. Dist. Ct. App. 2007)"; and on page forty-two, line fourteen, the citation should read, in relevant part, "*See 5-H Corp. v. Padovano*, . . . ."

2

As set forth in the R&R, Magistrate Judge Reid finds that trial counsel's decision not to move to disqualify Judge Butchko "falls squarely into the realm of considered strategic choices." R&R at 13. Magistrate Judge Reid finds that the state court "properly considered under *Strickland* whether Petitioner had established prejudice finding that the sole fact that Judge Butchko had imposed a 20-year sentence and discussed Petitioner's past offenses and lack of remorse while imposing that sentence did not establish prejudice." *Id.* Thus, because "Petitioner cannot show deficiency or prejudice under *Strickland*," Magistrate Judge Reid finds that the state court's rejection of Petitioner's first claim is entitled to deference. *Id.* at 14; *see also Strickland v. Washington*, 466 U.S. 668, 688–94 (1984).

As to Petitioner's second and third claims alleging that trial and appellate counsel were ineffective for failing to challenge Count 2 of the Information as fatally defective, Magistrate Judge Reid finds that Petitioner "failed to demonstrate that the state court's denial of these claims was an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence." R&R at 15. Specifically, Magistrate Judge Reid finds that "the Information named the Petitioner, and sufficiently set forth the charge and circumstances of the alleged offense," and thus "Petitioner's argument that there was insufficient information provided to apprise him of the nature of the charged offense and the predicate violations to support the first-degree felony enhancement fails." *Id.* at 18; *see also Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989) (per curiam) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction." (citing *DeBenedictis v. Wainwright*, 674 F.2d 841 (11th Cir. 1982))). Further, Magistrate Judge Reid finds that "[t]o the extent [Petitioner] means to argue here that counsel was ineffective for failing to pursue the issue in terms of actual innocence, Petitioner is not entitled to relief because

3

he cannot demonstrate deficiency or prejudice under *Strickland*." *Id.* at 19; *see also Strickland*, 466 U.S. at 688–94.

As to Petitioner's fourth claim—that trial counsel was ineffective for failing to call an expert forensic accountant to testify at trial—Magistrate Judge Reid finds that "Petitioner cannot demonstrate *Strickland* prejudice because he fails to show that the uncalled witness would have been available to testify at trial," and "[e]ven if [the forensic accountant] had been retained and available to testify at trial, Petitioner's allegations fail to demonstrate prejudice under *Strickland*." R&R at 21–22. Specifically, Magistrate Judge Reid discusses at length the evidence introduced at trial and finds that "[g]iven the more than sufficient evidence adduced at trial, Petitioner has not demonstrated that [the forensic accountant's] testimony would have altered the outcome of the proceedings." *Id.* at 34; *see also Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1324 (11th Cir. 2002) (per curiam) ("It is well-settled in this Circuit that a petitioner cannot establish an ineffective assistance claim simply by pointing to additional evidence that could have been presented." (citation omitted)). Notably, the testimony of the forensic accountant Petitioner now relies on "was predicated on an incomplete, limited review of the record so that that the accountant's testimony is, as noted by the state trial court, as good as the information upon which the opinion is based." R&R at 34–35. Magistrate Judge Reid finds that "the [state] court's finding that Petitioner cannot establish *Strickland* prejudice is more than amply supported by the record." *Id.* at 35.

Magistrate Judge Reid finds that Petitioner's fifth claim—that counsel failed to request a good faith defense instruction—fails as Petitioner again has not demonstrated *Strickland* prejudice because "he has not shown that [a] special jury instruction would have been given by the court, much less that it would have had a reasonable probability of changing the outcome." *Id.* at 36. Specifically, Magistrate Judge Reid finds that "[r]eview of the record confirms that the only

evidence adduced at trial to support the good faith defense was Petitioner's own self-serving testimony." *Id.* On the record before the state court and this federal habeas petition, Magistrate Judge Reid finds that "the state court's denial of relief was not unreasonable or lacking in justification," and thus, "Petitioner is not entitled to relief on this claim." *Id.* at 37.

As to Petitioner's sixth claim—that the trial court erred in denying his motion to disqualify Judge Milton Hirsch from presiding over the Rule 3.850 Motion on the basis of bias and prejudice—Magistrate Judge Reid finds that the claim is not cognizable on federal habeas corpus review, and even if it was, it would still fail on the merits. *Id.* at 38–39; *see also Trice v. Sec'y v. Fla. Dep't of Corr.*, 766 F. App'x 840, 848 (11th Cir. 2019) (per curiam) ("[F]ederal habeas relief is not available for errors of state law." (citing *Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005))). On the merits, Magistrate Judge Reid finds that Petitioner's "subjective fear" that Judge Hirsch would be biased, "without more, is insufficient to warrant judicial disqualification." R&R at 42. Accordingly, Magistrate Judge Reid finds that the state court's "rejection of this claim is not contrary to or an unreasonable application of clearly established federal law and is not based on an unreasonable determination of fact." *Id.* at 42–43.

Magistrate Judge Reid finds that Petitioner "has not met the statutory threshold for granting [an evidentiary] hearing." *Id.* at 44. Finally, Magistrate Judge Reid finds that no certificate of appealability should issue because "Petitioner has not made a substantial showing of the denial of a constitutional right." *Id.* at 45.

In his Objections, Petitioner begins by stating that he "objects to all adverse rulings" in the R&R, which is improper. *See Macort*, 208 F. App'x at 784 ("It is critical that [any] objection be sufficiently specific and not a general objection to the report."). In term of specific objections, Petitioner focuses on his fourth ineffective assistance of counsel claim—that trial counsel was ineffective for failing to call an expert forensic accountant to testify at trial. *See generally id.*

5

Petitioner discusses at length the testimony and affidavit offered by his Rule 3.850 forensic accountant. *See id.* at 3–17. Petitioner argues that the forensic accountant's testimony would have exculpated him as the accountant's testimony goes to the "ultimate issue" that resulted in Petitioner's conviction. *Id.* at 13–17. Further, Petitioner discusses what he believes was exculpatory state witness testimony and evidence at trial. *See id.* at 17–19.

The Court finds that Magistrate Judge Reid's R&R is well-reasoned and adequately discusses the points Petitioner now raises in the form of Objections. *See generally* R&R. Indeed, the Objections raise the same arguments Petitioner raised in the Second Amended Petition regarding the testimony the forensic accountant would have offered. *See* (ECF No. 22) at 13–16. The Court agrees with Magistrate Judge Reid's analysis and conclusion that "the [state] court's finding that Petitioner cannot establish *Strickland* prejudice is more than amply supported by the record." R&R at 33–35.

Accordingly, UPON CONSIDERATION of the Petition, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's R&R (ECF No. 50) is ADOPTED and Petitioner's Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 22) is DISMISSED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *15th* day of July, 2021.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record